IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALFRED R. TERRY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-1537-RGA |
| DOVER POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

Alfred R. Terry, Sussex Correctional Institution, Georgetown, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 7, 2019
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Alfred Terry, a pretrial detainee at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court screens and reviews the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

On August 22, 2018, Plaintiff fled from police officers and hid under a school bus. (D.I. 1 at 6). Plaintiff alleges that he was tracked and then attacked by Defendant K-9 Reeko, who belongs to Defendant Cpl. Figuerora. (*Id.*). Plaintiff alleges that Reeko was not adequately trained and, as a result, Reeko bit Plaintiff first in the face before Reeko redirected his attack to Plaintiff's upper arm. (*Id.*). Plaintiff alleges that unnamed officers assisted Reeko in the arrest. (*Id.*). Plaintiff alleges that he was compliant and not resisting even though his arm was still in Reeko's mouth. (*Id.*). Plaintiff alleges that after he was prone and handcuffed, unnamed officers continued to allow Reeko to "carry on with his use of force." (*Id.* at 7). Plaintiff alleges that, at this point, he was subjected to excessive and unreasonable force. (*Id.*). Plaintiff seeks compensatory damages.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim

2

upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Eleventh Amendment Immunity**. Plaintiff has named the Delaware State Police as a defendant. The Delaware State Police is an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks v. McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the Delaware State Police is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, the Court will dismiss the Delaware State Police pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as it is immune from suit.

**Municipal Liability**. The Dover Police Department is a named defendant. With respect to this defendant, *see Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir.1997) ("we treat the municipality and its police department as a single entity for purposes of § 1983 liability."), Plaintiff fails to state a claim. A government entity may be liable for the actions of its employees only if the plaintiff identifies a policy or custom that amounts to deliberate indifference to individual rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d

4

575, 583-84 (3d Cir. 2003). Here, Plaintiff does not allege any policy or custom that caused a constitutional violation. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom. . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

Absent any allegation that a custom or policy established by the foregoing Defendant directly caused harm to Plaintiff, his § 1983 claims cannot stand. The claim against Dover Police Department fails to state a claim. It will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**K-9 Defendant**. As noted, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. K-9 Reeko is an animal. A § 1983 claim requires that a person deprive another of a federal right. *See Widdoes v. Malone*, 2013 WL 5913677, at *3 (D. Del. Nov. 1, 2013); *Dye v. Wargo*, 253 F.3d 296, 303 (7th Cir. 2001) (Wood, J., dissenting) ("The majority hardly needs to belabor the point that, no matter how much of an animal lover one may be, a dog at this time is not a 'person' amenable to a § 1983 suit[.]"). K–9 Reeko is improperly named as a defendant and will be dismissed

**Personal Involvement**. Only Figueroa is named in the complaint and the allegation is that Plaintiff "believes" that Reeko belongs to Figueoro. None of the other individual defendants are named in the Complaint.

The allegations do not suffice to state claims for relief. For example, Plaintiff makes a wholesale allegation that Defendants were present, but the Complaint does explain when any Defendant arrived on the scene. Nothing indicates that any

5

defendant ordered the K-9 attack. The Complaint must contain sufficient allegations to show the personal involvement of each defendant. *See also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The Complaint is lacking in this regard.

Therefore, the claims against the individual Defendants will be dismissed for failure to state claims upon which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**Amendment**. Since it appears plausible that Plaintiff may be able to articulate a claim against some or all Defendants (but not Reeko) or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state claims upon which relief may be granted, and based upon immunity from suit pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.